IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 25, 2020

## LARRY BRASWELL v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 292537    Barry A. Steelman, Judge**

_____

### No. E2019-01509-CCA-R3-HC

_____

The Petitioner, Larry Braswell, appeals from the Hamilton County Criminal Court's dismissal of his petition for a writ of habeas corpus. On appeal, the Petitioner contends that the habeas corpus court erred in dismissing the petition, rather than granting relief. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Larry Braswell, Atlanta, Georgia, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Cody N. Brandon, Assistant Attorney General; Neal Pinkston, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The habeas corpus petition alleged that the Petitioner was charged with aggravated robbery and attempted especially aggravated robbery, that he posted bond, and that he was charged with two additional counts of aggravated robbery months later. The petition stated that the Petitioner was convicted upon his guilty pleas on May 22, 1995, of three counts of aggravated robbery and one count of attempted especially aggravated robbery, relative to case numbers 201324, 201325, 203114, and 203483. The petition alleged that the Petitioner was sentenced to four concurrent eight-year sentences for the offenses. No judgments were attached to the petition, and none appear elsewhere in the appellate record. The petition alleged that the Petitioner's sentences were illegal because consecutive sentences were statutorily required when a defendant is convicted of offenses committed while the defendant was on bail for other charges, for which he is also

convicted. *See* T.C.A. § 40-20-11(b) (2018) ("In any case in which a defendant commits a felony while the defendant was released on bail . . . and the defendant is convicted of both offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that the sentences be served cumulatively."). The petition, which was filed on May 30, 2019, did not allege that the Petitioner was still serving the 1995 effective eight-year sentence.

Previously, the Petitioner filed a habeas corpus petition alleging that the same sentences were illegal on the same basis. The habeas corpus court denied the petition, and the Petitioner appealed. This court dismissed the appeal as untimely. *Larry Braswell v. State*, No. E2018-00538-CCA-R3-HC (Tenn. Crim. App. Apr. 11, 2019) (order). The Petitioner also filed a motion to correct an illegal sentence relative to these convictions. In an order dismissing as untimely the appeal of the trial court's denial of relief, this court noted that the trial court had found that the sentences were expired. *State v. Larry Braswell*, No. E2018-00418-CCA-R3-CD (Tenn. Crim. App. Mar. 9, 2018) (order).

Returning to the present case, in its written order dismissing the petition, the habeas corpus court found that the Petitioner was correct that "consecutive sentences were mandatory for at least two of the offenses." The court further found, however, that the Petitioner had not alleged that he was still serving the sentences that were the subject of the petition. The court found that the Petitioner appeared to be a federal inmate at the time the petition was filed. The court noted the date of the convictions and the "apparent expiration of the sentences," and it concluded that habeas corpus relief was not available to the Petitioner.

The habeas corpus court considered, as well, the availability of relief pursuant to Tennessee Rule of Criminal Procedure 36.1 and concluded that relief was unavailable due to the expiration of the Petitioner's sentences. Similarly, the court considered the possibility of relief pursuant to the Post-Conviction Procedures Act but concluded that any claim was barred by the one-year statute of limitations.

On appeal, the Petitioner contends that the habeas corpus court erred in dismissing his petition. Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2012); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond

the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2012); *see Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

"The requirement that a petitioner show he or she is "'imprisoned or restrained of liberty' by the challenged conviction is . . . a requirement that a petitioner have standing . . . [that] operates independently of a petitioner's substantive claim of voidness." *James Gregory Watson v. Howard Carlton, Warden and State of Tennessee*, No. E2009-02500-CCA-R3-HC, 2011 WL 862036, at *4 (Tenn. Crim. App. Mar. 14, 2011), *perm. app. denied* (Tenn. Feb. 15, 2012). In *Benson v. State*, 153 S.W.3d 27, 30 (Tenn. 2004), the petitioner sought habeas corpus relief, in relevant part, on the basis that although he received three concurrent sentences for his theft- and drug-related convictions, Tennessee Code Annotated section 40-20-111(b) and Tennessee Criminal Procedure Rule 32 mandated consecutive service because he was released on bond at the time he committed the offenses. Our supreme court noted that a statutory requirement for seeking habeas corpus relief is that a petitioner "must be 'imprisoned or restrained of liberty' by the challenged convictions." *Id*. at 31 (quoting T.C.A. § 29-21-101). The court concluded that because the petitioner was not "currently imprisoned or restrained of liberty by the challenged convictions," the petitioner was not entitled to habeas corpus relief. *Id*. at 32 (citing *Hickman v. State*, 153 S.W.3d 16 (Tenn. 2004)); *see Summers*, 212 S.W.3d at 257. The court also determined that even if the challenged convictions with expired sentences had been used to "enhance the sentences he [was] currently serving, . . . this is not an adequate basis for habeas corpus relief to be granted." *Benson*, 153 S.W.3d at 32; *see Hickman*, 153 S.W.3d at 22-24.

The habeas corpus court did not err in dismissing the petition. The Petitioner failed to allege that his sentences had not expired, and in all probability, they had, given the length of the sentences and the passage of time since their imposition. *See Yates*, 371 S.W.3d at 155.

In consideration of the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE